UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELTON JONATHON SORENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-03869 (UNA) |
| ) | |
| ) | |
| CHAPMAN BMW CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who appears to currently reside at the Utah State Mental Hospital, sues a BMW dealership located in Arizona, and BMW North America, located in New Jersey. *See* Compl. at 1. The complaint itself is incomprehensible and does not contain any cognizable allegations. Instead, it cites, without explanation, to several federal criminal statutes, and to other federal cases that plaintiff has ostensibly filed. *See id*. at 2; Civil Cover Sheet ("CCS"), ECF No. 1-1. He demands $150 million in damages. *See id.*

Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive

answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Furthermore, even if plaintiff's claims could be understood, he cannot bring a cause of action under any of the authority upon which he relies. There is simply no express private right to action under the criminal statutes cited in the Complaint. *See* Compl. at 2; CCS; *see also North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (citing *RJ Prod. Co. v. Nestle USA, Inc.*, No. 10–0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that because criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts")); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code)), *aff'd*, No. 09–5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that federal criminal statutes do not convey a private right of action) (collecting cases).

Finally, plaintiff has failed to establish venue in this District. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the

action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, none of the parties are located in the District of Columbia, and no connection to this District can otherwise be gleaned from plaintiff's complaint.

For all of these reasons, this case is dismissed without prejudice. Plaintiff's motion for appointment of counsel, ECF No. 3, and motion for service of process, ECF No. 4, are denied as moot. A separate order accompanies this memorandum opinion.

Date: April 5, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge